# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
MOHSIN BHOJANI,                     *
                                    *    No. 18-1337V
            Petitioner,             *    Special Master Christian J. Moran
                                    *
v.                                  *
                                    *    Filed: October 26, 2021
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *    Decision dismissing case;
                                    *    order to show cause.
            Respondent.             *
* * * * * * * * * * * * * * * * * * *

<u>Mark T. Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner;
<u>Ryan D. Pyles</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Mohsin Bhojani sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34 (2012). Mr. Bhojani, however, appears not to be interested in continuing the litigation as he has not responded to orders. Because Mr. Bhojani has not prosecuted his case, his case is DISMISSED.

## I.    Procedural History

Represented by attorney Mark Sadaka, Mr. Bhojani alleged that he suffered from Guillain-Barré syndrome ("GBS") Miller Fisher variant and other injuries as a result of the influenza ("flu") vaccine he received on or about September 22, 2015. See Petition, filed Aug. 31, 2018. Mr. Bhojani alleged that after his September 22, 2015 flu vaccination, he developed problems walking and weakness

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

on September 30, 2015.  Pet. ¶ 3.  Petitioner filed some initial medical records on September 10, 2018 and December 27, 2018.  Subsequently, he filed more medical records, an affidavit, and a statement of completion on June 17, 2019.

Respondent recommended against compensation, questioning petitioner's GBS diagnosis.  Resp't's Rep't, filed Aug. 29, 2019, at 11.  In addition, respondent pointed to the temporal relationship, as it appears petitioner's symptoms began well outside the 42-day period to qualify for a Table claim.  Id.  Petitioner was ordered to file a fact/onset affidavit as well as any other relevant affidavits.  See order, filed Sept. 26, 2019.

Mr. Bhojani filed an affidavit on November 25, 2019, along with more medical records.  Subsequently, he was ordered to file outstanding medical records identified in respondent's Rule 4 report and employment records.  More importantly, petitioner was ordered to file a status report explaining how the medical records support a 3-4 week onset.  See order, filed Dec. 9, 2019.

On February 4, 2020, petitioner filed a status report stating neurologist Dr. Vincent Fortanasce updated the diagnosis to myasthenia gravis.  Mr. Bhojani also stated his intent to amend the petition.  He filed a more complete status report stating his position on February 27, 2020, along with a piece of medical literature.  All the while, petitioner was ordered to retrieve and file outstanding medical records and employment records.

In April 2020, Mr. Bhojani filed medical records, and his workers' compensation file.  On July 15, 2020, he filed his affidavit and a status report stating Dr. Fortanasce was willing to testify.

On September 18, 2020, Mr. Bhojani filed more medical records and a motion for subpoena authority to obtain his insurance benefits statements.  The motion was granted.  On November 17, 2020, he filed more medical records, the insurance benefits statements, and a status report.

The insurance benefits statements indicated the existence of other potentially important medical records.  On December 11, 2020, petitioner was ordered to file the records and a status report explaining the status of the search.

On January 7, 2021, petitioner filed some more records and a status report indicating that requests had been sent to multiple providers.  Counsel filed multiple affidavits that show an attempt to obtain the records.

The set of records filed in January 2021 included records from Noaman Hanif, a doctor from whom Mr. Bhojani sought care in 2015 and 2016, after the allegedly causal flu vaccination on September 22, 2015. Dr. Hanif's records do not contain reports of problems walking or weakness. See exhibit 28 at 32-40.

On April 29, 2021, Mr. Bhojani filed more medical records and a status report. In the status report, counsel stated he believes he filed all available medical records documenting petitioner's health around the time of vaccination and onset of symptoms. Counsel further reported that he has not been able to contact Mr. Bhojani despite numerous attempts by telephone and email. Counsel stated an intention to withdraw as counsel, though has not yet done so.[2]

Mr. Bhojani was directed to file an affidavit, indicating his interest in maintaining his claim. The deadline for this affidavit was August 6, 2021. Order, issued July 6, 2021.

On the critical date, Mr. Bhojani did not file an affidavit. Instead, Mr. Sadaka stated that his office had communicated with Mr. Bhojani and Mr. Bhojani intended to proceed with the case, perhaps with a different attorney. Although Mr. Sadaka's office had provided Mr. Bhojani with a draft affidavit, Mr. Bhojani had not signed the affidavit. Pet'r's Status Rep., filed Aug. 6, 2021.

Mr. Bhojani was again instructed to file an affidavit. The deadline for this obligation was September 7, 2021. Order, issued Aug. 10, 2021.

Mr. Bhojani did not comply with the order to file an affidavit. Mr. Sadaka stated that his office had not received any communications from Mr. Bhojani since August 5, 2021.

Mr. Bhojani was ordered to show cause why his case should not be dismissed by October 8, 2021. The order permitted Mr. Bhojani to file an affidavit stating his intent to remain in the program and fully prosecute his case. Order, issued Sep. 8, 2021.

Mr. Bhojani did not file an affidavit. Mr. Sadaka stated that the last communication was on August 5, 2021. Regarding the show cause order, Mr. Sadaka indicated that his office called Mr. Bhojani 5 times and mailed him 4

---

[2] On April 15, 2021, Mr. Bhojani filed a motion for interim attorneys' fees and costs.

notices about the need to respond. At least one communication was by registered mail and Mr. Sadaka's office confirmed that the United States Postal Service delivered the letter. See Pet'r's Resp. to Show Cause Order, filed Oct. 8, 2021. Nonetheless, counsel requests Mr. Bhojani's case not be dismissed. Id.

## II.   Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, three times, Mr. Bhojani was ordered to file an affidavit, expressing his interest in maintaining the litigation. Mr. Sadaka has represented that he has attempted to communicate with Mr. Bhojani many times, using different means of communication. Mr. Bhojani's persistent silence leads to a conclusion that he is no longer interested in pursuing the case. Therefore, his case is DISMISSED. See B.K. v. Sec'y of Health & Human Servs., No. 17-1840V, 2020 WL 1888866 (Fed. Cl. Spec. Mstr. Feb. 12, 2020) (dismissing case pursuant to Vaccine Rule 21(b) due to petitioner's failure to respond to orders demonstrating an interest in maintaining the case); Woods v. Sec'y of Health & Human Servs., No. 10-377V, 2012 WL 2872290 (Fed. Cl. Spec. Mstr. June 14, 2012) (dismissing case due to petitioner's failure to prosecute).

While Mr. Bhojani's case is dismissed solely for his failure to express an interest in continuing the litigation, Mr. Bhojani's case has significant weaknesses. The primary problem is that the medical records from March-April 2016 indicate that Mr. Bhojani's neurologic problems started in March 2016. See exhibit 8 at 23, exhibit 3 at 217, exhibit 5 at 15. Dr. Hanif's records suggest that Mr. Bhojani was not having neurologic problems in November 2015 and February 2016. If Mr. Bhojani began to experience neurologic problems in March 2016 (as the medical records created contemporaneously indicate), then the latency between the flu vaccination on September 22, 2015 and the onset of neurologic problems would be approximately six months. Six months is longer than the expected temporal interval. Thus, even if Mr. Bhojani were to have responded to the three orders

requiring an affidavit from him, Mr. Bhojani may not have received compensation based upon the current evidence. However, Mr. Bhojani's case is not being dismissed due to the weakness in his case.

**This case is dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master